UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     5:22-cv-01977-ODW-AJR                    Date:  August 24, 2023
                                                                            Page 1 of 3

Title:        Alberto Hernandez v. United States of America, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY CLAIMS AGAINST DEFENDANT JOHN DOE SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On November 4, 2022, Plaintiff, a federal prisoner proceeding *pro se*, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999.  (Dkt. 1 "Complaint".)  The Complaint sued Michael Monk, a former doctor at United States Penitentiary Victorville ("USP Victorville); Felipe Martinez, the former warden at USP Victorville; and John Doe, "medical personnel at USP Victorville." (Dkt. 1 at 3.)  A plaintiff may name a fictitious defendant in his or her complaint if the plaintiff does not know the true identity of the defendant prior to the filing of the complaint.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  However,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:22-cv-01977-ODW-AJR | Date: August 24, 2023 |
| | Page 2 of 3 |

Title:    Alberto Hernandez v. United States of America, et al.

before the United States Marshal Service ("USMS") can serve process on any fictitiously named Defendant, a plaintiff must provide identifying information sufficient to permit the service of process, such as the Defendant's full name and address.

On December 2, 2022, Judge Rocconi issued an Order Directing Service of Plaintiff's Complaint by the USMS and an order authorizing discovery by Plaintiff to discover the identity of the unnamed defendant, John Doe. (See Dkt. 6 & 7.) Judge Rocconi's order authorizing discovery warned that if Plaintiff was unable to obtain the identity of and effect service upon the Doe Defendant, his claims against the Doe Defendant could ultimately be dismissed. (See Dkt. 7 at 2.) On August 21, 2023, the USMS filed a Process Receipt and Return stating they were unable to locate and serve Defendant John Doe, Medical Personnel-Individual at 320 1st St NW, Washington, DC 20534. (Dkt. 16.)

It appears that any claims in the Complaint against John Doe may be subject to dismissal for failure to effect timely service. Federal Rule of Civil Procedure 4(m) provides in relevant part that if a "defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the Rule also provides that if the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." Id.

Because this matter was filed on November 4, 2022, the deadline to effect service on every Defendant, named or unknown, expired on February 3, 2023. See Ticketmaster L.L.C. v. Prestige Entm't W., Inc., 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (90-day deadline under Rule 4(m) applies to service on DOE Defendants but may be extended on a showing of good cause); Tabi v. Doe, 2019 WL 5107102, at *6 (C.D. Cal. June 13, 2019), report and recommendation adopted sub nom. Tabi v. Doe No. 1, 2019 WL 4013444 (C.D. Cal. Aug. 26, 2019) (dismissing action against DOE Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline); Scott v. Hern, 216 F.3d 897, 911-912 (10th Cir. 2000) (affirming dismissal of action against DOE Defendants for failure to effect

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:22-cv-01977-ODW-AJR | Date:  August 24, 2023 |
| | Page 3 of 3 |

Title:    Alberto Hernandez v. United States of America, et al.

timely service under Rule 4(m)).  However, nothing in the record reflects that Defendant John Doe has been identified, or that service has been accomplished on him, or that good cause exists to extend the Rule 4(m) deadline.

Therefore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, **IT IS ORDERED** that, **within thirty (30) days of the date of this Order**, Plaintiff shall either provide a name and address for service of his complaint on Defendant John Doe or show cause in writing, if there be any, why the claims against John Doe should not be dismissed for failure to effect timely service and/or for lack of prosecution.

**Plaintiff is explicitly cautioned that the failure to respond to this Order by the Court's deadline will result in a recommendation that any claim against Defendant John Doe be dismissed without prejudice pursuant to Rule 4(m).  If Plaintiff no longer wishes to pursue his claims against Defendant John Doe, he may request a voluntary dismissal of his claims against Defendant John Doe pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.**

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).